IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

EVANSTON INSURANCE COMPANY, §
§
Plaintiff, §
§
vs. § Civil Action No:
§ 2:07-cv-00075-AAA-JEG
APPLIED TECHNICAL SERVICES, §
INC.; DOUGLAS ASPHALT §
COMPANY; QORE, INC.; AND §
ASSOCIATION CASUALTY §
INSURANCE COMPANY, §
§
Defendants. §

## CONSOLIDATED PRETRIAL ORDER

The proposed Pretrial Order shall <u>cover</u> the following subjects, numbered <u>serially</u> as below:

(NOTE:   <u>IN PREPARING THE PROPOSED PRETRIAL ORDER, REPRODUCE EACH NUMBERED ITEM AS A PREFACE TO THE MATERIAL SUBMITTED</u>).

1.     Counsel are to discuss and agree on every possible factual stipulation.  The stipulations must be reduced to writing, signed and filed with the consolidated proposed pretrial order as ATTACHMENT "A" hereto.  Stipulations can spare witness testimony, trial time, and expense.  If a party feels the other side is in bad faith refusing to stipulate, they shall set forth "proposed stipulations" on ATTACHMENT "A."  Costs of proving what, at trial, was never really disputed and what should have been stipulated, may be taxed against the offending party and attorney.  Those costs may include witness fees and additional attorney preparation time costs.

Attachment "A" attached hereto contains the factual stipulations to which the parties have agreed in this action.

2.    As ATTACHMENT "B" to the proposed pretrial order, the parties may, but are not required to, submit questions which they desire the Court to propound to jurors concerning their legal qualifications to serve and any other questions they wish propounded for information purposes. If the parties choose to submit general voir dire questions hereunder, they may submit the questions jointly as one attachment or separately as ATTACHMENTS "B-1" AND "B-2".

**Plaintiff:**    Plaintiff request the Court to use its standard General Voir Dire Questions.

**Defendant ATS:**    Attachment "B-1" attached hereto contains Applied Technical Services, Inc.'s proposed General Voir Dire Questions.

**Defendant DAC:**    Attachment "B-2" attached hereto contains Douglas Asphalt Company's proposed General Voir Dire Questions.

**Defendant Association Casualty:**    None.

3.    State the names of all parties, firms and attorneys to be used in qualifying the jury. State the name of any insurance company involved, and whether it is a stock or mutual company. State the names of all counsel who are members of any firm involved on a contingent fee basis. At the pretrial conference, counsel may be required to disclose policy limits and details of any insurance coverage.

**Plaintiff:**    Evanston Insurance Company, a wholly owned subsidiary of Markel Corporation, a publicly traded company; its counsel, Peter H. Schmidt, II; Applied Technical Services, Inc.; its counsel Edward H. Lindsey, Jr, and David M. Abercrombie; Douglas Asphalt Company, its counsel Brent J. Savage, R. Bartley Turner, William H. Pinson, Jr., Stanley M. Karsman, C. Dorian Britt, Ashleigh R. Madison, Jeremy S. McKenzie, Kathryn H. Pinckney, George T. Major, the law firm of Savage, Turner, Pinson & Karsman, and Kenneth F. Futch, Jr. and the law

firm of The Futch Law Firm; and Association Casualty Insurance Company and its counsel Lisa K.

Whitfield.  .

   **Defendant ATS:**  Applied Technical Services, Inc., whose principals are Jim J. Hills and
Jim Britton of Marietta, Georgia.
       The Law firm of Goodman, McGuffey, Lindsey & Johnson, LLP
       Edward H. Lindsey, Jr.
       David M. Abercrombie
       Evanston Insurance Company
       Association Casualty Insurance Company

   **Defendant DAC:**  Douglas Asphalt Company, whose principals are Joel and Kyle Spivey
of Douglas, Georgia.
       The law firm of Savage, Turner, Pinson & Karsman whose members are:
       Brent J. Savage
       R. Bartley Turner
       William H. Pinson, Jr.
       Stanley M. Karsman
       C. Dorian Britt
       Ashleigh R. Madison
       Jeremy S. McKenzie
       Kathryn H. Pinckney
       George T. Major

       Shand Morahan

       Evanston Insurance Company

   **Defendant Association Casualty:**  Applied Technical Services, Inc.; Douglas Asphalt

Company; Joel Spivey; Kyle Spivey; Qore, Inc.; Georgeanne M. Geary; Glenn Durrence; Guohua

"George" Lian; Paul V. Mullins; Greg Mayo; Larry Matthews; Harold Linnenkohl; Rick Douds; and

Evanston Insurance Company.

   4.  Identify the basis upon which the jurisdiction of this Court is based and any questions

relating to its jurisdiction.

This Court has jurisdiction pursuant to the terms of 28 U.S.C. § 1332(a) based upon complete diversity between Plaintiff and the Defendants and the matter in controversy exceeds $75,000.00 exclusive of interest and costs.

5.      List any motions or other matters in the case which remain unresolved. Any motion not so enumerated shall be deemed withdrawn by the moving party.

There is currently a Motion for Summary Judgment pending on behalf of Defendant Applied Technical Services, Inc. and a Motion for Reconsideration of the Court's ruling in the Motion for Summary Judgment filed by Plaintiff, Evanston Insurance Company.

6.      All discovery is to be completed pursuant to the Local Rules. The date of the conclusion of the discovery process and the expected completion of any untranscribed deposition shall be stated.

The discovery period in this case has expired and all discovery has been completed. There are no untranscribed depositions.

7.      State whether the names of the parties in the above-captioned case(s) are complete and correct and whether there is any question of misjoinder or non-joinder.

Defendant Qore, Inc. has just received word that it was dismissed from the underlying action as to all claims. Therefore, its name should be deleted from the style of this matter. For this reason, it will not be completing any further portions of the Pretrial Order.

8.      Outline of the plaintiff(s)' case.

**NOTE:        PLAINTIFF(S) SHOULD PAY PARTICULAR ATTENTION TO THIS PARAGRAPH. AT THE TRIAL, IT WILL BE USED BY THE COURT IN DIRECTING THE CASE AND INSTRUCTING THE JURY.**

This litigation arises from suit filed by Douglas Asphalt Company (DAC) against Applied Technical Services, Inc (ATS) and others.  DAC contends that ATS published inaccurate test results concerning the lime content in asphalt DAC used to pave highways for the State of Georgia.  DAC contends that because ATS published erroneous test results, the State took action against DAC, which DAC claims was improper. This action concerns whether an insurance Policy issued by Evanston to ATS provides ATS with coverage for the damages DAC alleges it incurred because ATS submitted inaccurate test results to the Georgia Department of Transportation (GDOT).  ATS admits that shortly after ATS submitted the first 100 results to GDOT, ATS realized they were inaccurate, but submitted approximately 500 more test results to GDOT it knew were inaccurate.  Evanston contends all of this occurred before July 15, 2005, the first Application date.

In 2005 ATS for the first time in 38 years sought professional liability insurance for its "testing" business and renewed this coverage in 2006.  Evanston issued its policies, relying on ATS's representations in its Applications and ATS's accompanying 2005 letter, which denied knowledge of potential claims.  Each Application instructed ATS to identify any potential claim of which it knew at the time.  Evanston contends that 1) a reasonable person in ATS's situation would have exercised due diligence and inquired before completing the Application; and 2) after that inquiry, a reasonable person would have known that DAC might make a claim against ATS for disseminating inaccurate test results.  Evanston also contends that 1) ATS knew from the Application that it was required to disclose any possible claim of which it was aware at that time;

2) ATS understood that any potential claim not disclosed would excluded; 3) the Policy and Application language requiring ATS to disclose possible claims is not confusing or ambiguous; and 4) ATS was aware when it submitted its Applications that Evanston would rely on ATS's representations when deciding whether to issue the Policies.    Evanston contends that the information omitted from the Applications amounts to "Application misrepresentations" as that term is used in O.C.G.A. § 33-24-7(b)(2) and (3).

Evanston contends that the disclosure by ATS of the inaccurate test results were intentional acts that fall outside its coverage, rather than a mistake or a negligent act.  Evanston contends that the inaccurate test results were disclosed before the 2005 Application was submitted.  Because the disclosing inaccurate test results was intentional, DAC's claims that ATS defamed it by disclosing them are not covered by the Evanston Policy.

     9.    Outline of defendant(s)' case.

**NOTE:**      **DEFENDANT(S) SHOULD PAY PARTICULAR ATTENTION TO THIS PARAGRAPH.  AT THE TRIAL, IT WILL BE USED BY THE COURT IN DIRECTING THE CASE AND INSTRUCTING THE JURY.**

Defendant(s) shall:

     (a)    Furnish a short, succinct, factual and narrative statement as to all defenses (general and special).  This statement should not be argumentative and should not recite evidence. In no event shall the statement be more than one page.

     (b)    In all actions involving a counterclaim, cross-claim, or third party action, defendant(s) should summarize the matter, using the outline required as to the main claim.

**<u>Defendant ATS</u>:**    On or about June 15, 2007, Evanston Insurance Company ("Evanston") filed its Declaratory Complaint against several Defendants, including its insured

Applied Technical Services, Inc. ("ATS"), related to a GDOT highway project that was performed in McIntosh and Glynn Counties, Georgia, both located in the Southern District of Georgia, Brunswick Division. The declaratory action seeks to establish Evanston's duties and obligations under the applicable ATS insurance policies arising out of litigation pending in this District Court under civil action no. 2:06-CV-229-AAA. Specifically, Evanston alleges that ATS was negligent in the performance of testing for QORE and GDOT. However, ATS states that it was not aware of any fact or circumstance which it believed would lead to a claim against the policies prior to underlying Douglas lawsuit against them.

On or about July 15, 2005 and July 15, 2006, Evanston issued Architects & Engineers Professional Liability Insurance Policies to ATS – Policy Nos. AE-810-034 and AE-811-692 (the "Policies"). Once ATS was served in the underlying action, it tendered its defense and indemnification under the Policies to Evanston, on or about December 1, 2006. Defendant ATS contends that the underlying claims are covered under the subject Evanston Professional Liability Insurance Policies and are not subject to any applicable exclusions. Further, ATS contends that Plaintiff has not proffered sufficient evidence to show that the underlying claims are not covered under the subject Policies of insurance or that any applicable exclusions exist to deny coverage, as any ambiguous language contained within these Policies, as well as the Policies themselves, are to be construed against Plaintiff.

**Defendant DAC:** The Plaintiff and Evanston renewed an Architect's and Engineer's Professional Liability Insurance Policy to Defendant ATS covering the policy period between July 15, 2005 and July 15, 2007.

This Defendant instituted an action against ATS and others and once ATS was served with that action, it tendered its defense and indemnification to the Plaintiff on or about December 1, 2006. The Complaint of this Defendant alleged, in part, that ATS was negligent in the performance of testing for QORE and GDOT for the period of 2003 through 2005. The Defendant ATS was not aware of any fact or circumstance which they believe would lead to a claim against them prior to being served with the action which was instituted by this Defendant.

As a result, the claims asserted by this Defendant are covered under the Plaintiff's professional liability insurance policies and are not subject to any applicable exclusions.

**Defendant Association Casualty:** This Defendant issued a policy of insurance to Defendant ATS which is not at issue in this litigation. Accordingly, this Defendant does not have anything further to add to the partes' statements of the case.

10. In all cases in which violation of the United States Constitution or a federal or state statute or regulation is alleged, the party making such claim shall specifically state the constitutional provision and/or statute allegedly violated and the specific facts on which such alleged violation is based. The party shall detail the damage or relief sought pursuant to such claim and recite supporting authority.

**Plaintiff:** This case does not involve any alleged violation of the United States Constitution or a federal statute or regulation. However, Evanston contends that the information omitted from the 2005 and 2006 Applications for insurance that ATS submitted to Evanston were "Application misrepresentations" as defined in O.C.G.A. § 33-24-7(b)(2) and (3). Evanston incorporates by reference the infomation contained in its statement of the case above, as if restated in full herein.

11.     In tort cases, any party bearing a burden of proof shall list each and every act of negligence or intentional tort relied upon.

(a)     Under a separate hearing, state all relevant statutes, rules, regulations and ordinances allegedly violated.  Also, recite any supporting authority.

(b)     List all items of damages claimed or non-monetary relief sought.

(c)     In all cases involving alleged permanent injuries or death, furnish a full statement as to the age, alleged life expectancy and/or probable duration of the injuries, and earnings, income tax records or other records to prove earnings.

This case is not a tort case.

12.     In contract cases or any other action not addressed in paragraphs 10 or 11, any party having a burden of proof shall outline the particular alleged breach of contract or the basis of any other cause of action, enumerate any applicable statute involved, and detail the damages or relief sought and recite appropriate supporting authority.

**Plaintiff:**     Evanston believes that ATS has the burden of proving coverage under the Evanston policy.  Evanston has the burden of proving that certain conditions and/or exclusions apply; Evanston also has the burden of proving no coverage.  Evanston incorporates its statement of the case herein as an explanation of its position regarding the coverage question, as if restated in full, and specifically identifies the Georgia "Application misrepresentation" statute, O.C.G.A. § 33-24-7(b)(2) and (3) as relevant to the determination of this case.

**Defendant ATS:**     This Defendant does not bear the burden of proof in this matter.

**Defendant Association Casualty:**     This Defendant does not bear the burden of proof in this matter.

-9-

13.     If there is any dispute as to agency, state the contentions of the parties with respect to agency.

There is no dispute as to agency.

14.     State who has the burden of proof (including any affirmative defenses or special issues) and who has the opening and closing arguments to the jury.

The Plaintiff has the burden of proof in this action and as such is entitled to opening and closing arguments to the jury.

15.     Under this paragraph, both plaintiff(s) and defendants(s) should separately list the witnesses whom each will have present at the trial and those whom each may have present at the trial.  Witnesses intended to be used solely for impeachment shall be listed; however, if a party has a genuine reason for not listing and disclosing an impeachment witness, such party may address the Court ex parte and seek a ruling as to whether disclosure may be properly withheld.  A representation that a party will have a witness present may be relied on by the opposing party unless notice to the contrary is given in sufficient time prior to trial to allow the opposing party to subpoena the witness or obtain his testimony.  If a witness is not listed when the proposed pretrial order is filed, the Court will not allow the addition of a witness by any party, EXCEPT for providential or other good cause shown to the Court by Application for amendment to this Order.

**NOTE:     COUNSEL MUST SUBMIT TO THE COURTROOM DEPUTY CLERK THREE COPIES OF THE TYPED WITNESS LIST AT THE PRETRIAL CONFERENCE.**

(a)     Witness **Evanston** WILL have at trial: None

Witnesses **Evanston** MAY have at trial:

Mark Henderson (Irwin Landsberg is no longer an employee)
George Lian

Zoumin "Sue" Zhang
Thomas J. Dvorak
Phillip Earl Rogers
Donald Matthis McKay
Paul R. Jordan
Peter Wu

(b)     Witnesses Defendant Applied Technical Services, Inc. WILL have present at trial:

Witnesses Defendant Applied Technical Services, Inc. MAY have present at trial:

Jim J. Hills
Jim Britton
Phillip Earl Rogers
Sue Zhang
Thomas J. Dvorak

This Defendant reserves the right to call any of Evanston's or any other Defendant's will call and may call witnesses, as well as any rebuttal or impeachment witnesses.

(c)     Witnesses Defendant Douglas Asphalt Company WILL have present at trial:

Witnesses Defendant Douglas Asphalt Company MAY have present at trial:

Joel Spivey
Kyle Spivey
Paul R. Jordan
George Lian
Donald Matthis McKay
Peter Wu
Phillip Earl Rogers
Sue Zhang
Irwin Bruce Landsberg
Thomas J. Dvorak

Defendants reserve the right to call any of Evanston's will call and may call witnesses, as well as any rebuttal or impeachment witnesses.

(d)     Witnesses Defendant Association Casualty Insurance Company WILL have present at trial:                    NONE.

-11-

Witnesses Defendant Association Casualty Insurance Company MAY have present at trial:                NONE.

16.    All documents and physical evidence that may be tendered at the trial shall be exhibited to and initialed by opposing parties prior to the pretrial conference.  All evidence shall be marked by the parties prior to the pretrial conference, and the parties are encouraged to submit a joint exhibit list on a form supplied by the Clerk.  If separate exhibit lists are submitted, they shall be submitted on the forms supplied.  Duplications of exhibits should be avoided to the extent practicable.  Exhibit lists should be submitted to the Court at the pretrial conference.  The material therein shall be identified as follows:

(a)    A list of documents and physical evidence submitted as joint exhibits.

True and correct copy of the 2005 Application
True and correct copy of the 2006 Application
Letter Dvorak sent when applying for insurance from Evanston in 2005
True and correct copy of the 2005 Policy issued by Evanston
True and correct copy of the 2006 Policy issued by Evanston
True and correct copy of the ACORD Notice
True and correct copy of the Order from Turner County Superior Court in Civil Action No: 2005-CV-0137
True and correct copy of the Order from Fulton County Superior Court in Civil Action No: 2004-CV-83139
True and correct copy of the underlying Complaint to this action, Civil Action No: 2:06-CV-00229-AAA-JEG
True and correct copy of the underlying Amended Complaint to this action, Civil Action No: 2:06-CV-00229-AAA-JEG
True and correct copy of the underlying Second Amended Complaint to this action, Civil Action No: 2:06-CV-00229-AAA-JEG

(b)    Where separate lists are being submitted, a list of documents and physical evidence to be introduced by the plaintiff(s).  Copies of such exhibits shall be provided to counsel for each other party.

-12-

Objections and reasons therefore shall be stated in writing and be filed five (5) days prior to the time of the pretrial conference. Items not objected to will be admitted when tendered at trial.

(c)      Where separate lists are being submitted, a list of documents and physical evidence to be introduced by the defendant(s). Copies of such exhibits shall be provided to counsel for each other party.

Objections and reasons therefore shall be stated in writing and be filed five (5) days prior to the time of the pretrial conference. Items not objected to will be admitted when tendered at trial.

(d)      Any document or other physical evidence listed by any party and not objected to, or to which objections have been overruled, may be received in evidence on offer by any other party, in the event the listing party does not actually offer it into evidence.

(e)      The foregoing shall not be deemed or construed to expand or limit the rules relating to the admissibility of evidence generally.

**NOTE:      COUNSEL MUST SUBMIT TO THE COURTROOM DEPUTY CLERK THREE COPIES OF THE TYPED WITNESS LIST AT THE PRETRIAL CONFERENCE.**

All exhibits shall be cross-initialed by the attorneys for the parties and properly tagged as required by the Local Rules of this District. This cross-initialing procedure shall be completed when counsel meet to confer on the preparation of the pretrial order.

The parties shall submit their exhibit and witness lists in accordance with the Court's direction.

17.      List all witnesses whose testimony by deposition will or may be offered by each party and the specific deposition pages and lines to be offered. All objections by opposing parties to any

portions of the depositions(s) shall be set forth with specific reference to the portion of the testimony objected to and the basis therefore.

(a)    Prior to trial, counsel shall confer to eliminate all extraneous, redundant, and unnecessary matter, lapses, and colloquy between counsel in the deposition excerpts. Counsel shall also attempt to resolve all objections to deposition testimony to be offered.

(b)    The parties shall, if practicable, conform deposition exhibit numbers in trial questions and testimony to the numbers of trial exhibits.

**<u>Plaintiff</u>:**    Plaintiff objects to the testimony of any witness by deposition if that person is available to be present at trial. Defendant reserves the right to use the depositions of any witness in the event that they become unavailable to testify. Defendant also reserves the right to use portions of any depositions for impeachment during cross-examination. In the event that any depositions are sought to be used, Defendant shall comply with the Court's instructions noted above.

**<u>Defendant ATS</u>:**    Defendant does not intend to present the testimony of any witness by deposition in its rebuttal. Defendant reserves the right to use the depositions of any witness in the event that they become unavailable to testify. Defendant also reserves the right to use portions of any depositions for impeachment during cross-examination. In the event that any depositions are sought to be used, Defendant shall comply with the Court's instructions noted above.

**<u>Defendant DAC</u>:**    Defendant does not intend to present the testimony of any witness by deposition in its rebuttal. Defendant reserves the right to use the depositions of any witness in the event that they become unavailable to testify. Defendant also reserves the right to use portions of any depositions for impeachment during cross-examination. In the event that any depositions are sought to be used, Defendant shall comply with the Court's instructions noted above.

**Defendant Association Casualty:**    None.

18.    Each party shall separately provide a memorandum of authorities as to any questions of law likely to arise at the trial, including the merits of plaintiff(s)' claim, defenses asserted, matters of evidence, etc.

**Plaintiff:**    Evanston Insurance Company believes its legal positions are fully explained in its Motion for Summary Judgment and Motion for Reconsideration; however, it will be pleased to address any legal issue that the Court may request.

**Defendant ATS:**    The parties will submit their separate memorandum of authorities to the Court five (5) days prior to the time of the Pretrial Conference, if necessary.

**Defendant DAC:**    The parties have attached their separate memoranda of authorities hereto.

**Defendant Association Casualty:**    The parties have attached their separate memoranda of authorities hereto.

19.    Plaintiff(s)' counsel estimates one-half (½) day to present plaintiff(s)' case, not including voir dire and opening statements and closing arguments; Defendant(s)' counsel estimates one (1) day to present the defense.

20.    Plaintiff    (Settlement)

**Plaintiff:**    The insured has not made a demand or offered to compromise this matter.

**Defendant ATS:**    Plaintiff has not offered to settle.  Defendants have not offered to settle.  It appears at this time that there is no possibility of settlement.

**Defendant DAC:**    Settlement offer as to this Defendant is not applicable.

**Defendant Association Casualty:**    Settlement offer as to this Defendant is not applicable.

21.    State any other matters which should be covered by pretrial order, including rulings desired of the Court prior to trial.

Other than rulings on the outstanding Motion for Summary Judgment filed by ATS and the Motion for Reconsideration filed by Evanston, or any Motions in Limine that the parties may file, the parties are unaware of any other matters that should be covered by the Pretrial Order.

22.    State whether or not the issues of liability and damages should be tried separately (bifurcated) and give any other suggestion toward shortening the trial.  Where bifurcation is opposed by any party, such party shall state the reasons for such opposition.

There is no question of damages involved in this litigation.  The only issue is the coverage question under the Evanston policy issued to ATS.  Bifurcation is not applicable to this case.

23.    In cases where either party requests bifurcation of issues or a special verdict, submit a copy of the proposed verdict as PLAINTIFF'S ATTACHMENT "C" and/or DEFENDANT'S ATTACHMENT "C" hereto.  Lead counsel are to discuss and agree on such special verdict where possible.  Where agreement is not reached, state the basis for any objections to the special verdict request.

Bifurcation is not applicable to this case.

24.    In non-jury cases, the parties shall each file their proposed findings of fact, summary of depositions, and conclusions of law not later than one week prior to the assigned trial date.

Not applicable.

Respectfully submitted this ___30th___ day of ___April___, 2009.


|  |  |
|---|---|
| | _____/s/ Peter H. Schmidt, II_____ |
| | PETER H. SCHMIDT, II |
| | Georgia State Bar No:        629512 |
| | *Attorney for Plaintiff* |
| TAYLOR, ODACHOWSKI, SPERRY | |
| & CROSSLAND, LLC | |
| 300 Oak Street, Suite 200 | |
| St. Simons Island, Georgia   31522 | |
| Phone:        (912) 634-0955 | |
| Fax:        (912) 638-9739 | |
| | _____/s/ William H. Pinson, Jr._____ |
| | BRENT J. SAVAGE |
| | Georgia State Bar No:        627450 |
| | WILLIAM H. PINSON, JR. |
| | Georgia State Bar No:        580600 |
| SAVAGE, TURNER, PINSON & KARSMAN | |
| 304 East Bay Street | |
| Savannah, Georgia   31401 | |
| Phone:        (912) 231-1140 | |
| Fax:        (912) 232-4212 | |
| | KENNETH E. FUTCH, JR. |
| | Georgia State Bar No:        281158 |
| THE FUTCH LAW FIRM | |
| 110 Screven Avenue | |
| Waycross, Georgia   31501 | |
| Phone:        (912) 490-3911 | |
| Fax:        (912) 490-6323 | *Attorneys for Defendant – Douglas Asphalt Company* |

***SIGNATURES CONTINUE ON NEXT PAGE***

-17-

_____/s/ Lisa K. Whitfield_____
LISA K. WHITFIELD
Georgia State Bar No:        428950
*Admitted pro hac vice*
*Attorneys for Defendant – Association*
*Casualty Insurance Company*

HICKS, CASEY & FOSTER, P.C.
136 North Fairground Street, N.E.
Marietta, Georgia   30060-1533
Phone:        (770) 428-1000
Fax:          (770) 428-4684

_____/s/ David Abercrombie_____
DAVID ABERCROMBIE
Georgia State Bar No:        000394
*Attorney for Defendant – Applied Technical*
*Services, Inc.*

GOODMAN, MCGUFFEY, LINDSEY
     & JOHNSON LLP
2100 Tower Place
3340 Peachtree Road, N.E.
Atlanta, Georgia   30326-1084
Phone:        (404) 264-1500
Fax:          (404) 264-1737

        IT IS HEREBY ORDERED that the foregoing constitutes a PRETRIAL ORDER in the

above case, that it supersedes the pleadings which are hereby amended to conform hereto and that

this PRETRIAL ORDER shall not be amended except by ORDER OF THE COURT.

        This _____ day of _____, 2009.

_____
ANTHONY A. ALAIMO
Judge, United States District Court for the
Southern District of Georgia, Brunswick
Division

-18-

## <u>ATTACHMENT A</u>

### <u>STIPULATION</u>

COME NOW the remaining parties in this litigation, **Evanston Insurance Company, Applied Technical Services, Inc., Douglas Asphalt Company and Association Casualty Insurance Company**, and recite the agreed upon stipulations below:

1.

The Parties stipulate that the exhibits identified in the parties' joint list of exhibits are true and correct copies of the documents identified therein.

2.

The Parties stipulation that January 26, 2004 is the date that the Georgia Department of Transportation declared Douglas Asphalt Company in default of its paving contract.

**ATTACHMENT B-1**

**ATS's Proposed General Voir Dire Questions**

*Questions for the Panel as a Whole*

1.  Evanston Insurance Company is a corporation organized under Illinois law, with its principal office in Deerfield, Illinois, but which is authorized to do business and sells insurance in Georgia.  Are any of you familiar with Evanston Insurance Company or have you or any member of your family ever been employed by Evanston Insurance Company?

2.  Evanston Insurance Company is wholly owned by Shand Morahan & Co., Inc., which acts as the underwriting manager and claims representative for Evanston Insurance Company. Are any of you familiar with Shand Morahan & Co., Inc. or have you or any member of your family ever been employed by Shand Morahan & Co., Inc.?

3.  Have you ever had any other association whatsoever with Evanston Insurance Company or Shand Morahan & Co., Inc.?

4.  Evanston Insurance Company is a corporation, and it cannot sit in a courtroom like you or I, so it has designated Mark Henderson as its representative.  Do any of you know Mark Henderson or any member of his family even if ever so slightly, or have you ever seen or had any association with him/her whatsoever previously?

5.  Do any of you know any of the counsel in this case, or any member of their families, even if ever so slightly?

6.  Do any of you know anyone employed with Applied Technical Services, Inc., or have you or any member of your immediate family ever had dealing of any kind with Applied Technical Services, Inc.?

7.    Do you know or recognize the names of any of the following persons associated with Applied Technical Services, Inc.: Jim Hills, Jim Britton, Sue Zhang, Thomas Dvorak or Phillip Earl Rogers?

8.    Have any of you or has any member of your immediate family ever been employed in any capacity whatsoever in the insurance business, either as an agent, claims adjuster, underwriter, insurance broker, auditor or in any other capacity in the insurance industry?

9.    Have any of you or has any member of your immediate family ever had any employment that required you to deal on a fairly regular basis with any aspect of the insurance business, including purchasing insurance, reviewing insurance policies, selling insurance policies, handling claims, etc.?

10.   Is there anyone here who has *never* purchased any kind of insurance coverage previously, such as homeowner's insurance or automobile liability insurance?

11.   Has anyone here ever purchased commercial insurance for a business or a company, which insurance provides coverage for, among other things, professional services?

12.   Has anybody ever had to hire a lawyer to try and enforce a contract that the other side wasn't living up to?

13.   Has anybody ever been sued for failing to live up to their side of a contract?

14.   Has anybody ever had any family member sued for allegedly not living up to their side of the contract?

15.   How many of you have automobile or homeowner's insurance coverage?

16. Of those of you who have insurance coverage, how many of you used an insurance company's agent or an insurance company's broker in filling out the appropriate forms and applications, and obtaining the appropriate coverage?

17. Do you feel that if a party enters into a contract with another party, he should take his obligations under that contract seriously and do what is necessary to comply with its terms?

18. Have any of you ever had an insurance company deny coverage or cancel a policy you held at anytime? If so, do you have an opinion here today as to whether the insurance company was justified in denying or cancelling your coverage?

19. Would any of you tend to side with an insurance company in a dispute, such as in this case, in which an insurance company seeks to deny coverage under policies it issued, based on something you may have heard or read prior to this lawsuit, including any personal belief that ruling in favor of an insurance company may in some way personally benefit you or your family through lower insurance rates, or for any other reason?

20. Do any of you believe an insurance company should have a right to unilaterally deny coverage or deny a claim, and that a policyholder should not have a right to fight the insurance company's decision in this regard?

21. Do you or any member of your family have any experience in interpreting terms of commercial general liability insurance policies, such as those involved in this case?

22. Have any of you or has any member of your immediate family ever had any training in law, either formal in nature, such as attending law school, or informal, such as having to deal with legal issues through employment or otherwise?

23. [sic]

24.     Do any of you currently work, or have you worked in the past, in any supervisory capacity, or in any position of authority, in your employment?

25.     Have any of you ever been responsible for obtaining insurance coverage for a company, either on your own or through an insurance agent or broker?

26.     In this case, Evanston Insurance Company has the burden of proving that coverage does not exist under the policies it issued to Applied Technical Services, Inc.  Would any of you have any difficulty in accepting that the burden of proof in this case falls on Evanston Insurance Company, which must prove by a preponderance of the evidence that coverage does not exist under the insurance policies it issued to Applied Technical Services, Inc.?

27.     The jury selected to try this case is going to be required to decide it strictly on the evidence that is presented, and you will be instructed by the Court not to speculate about matters that are not in evidence.  What problems would you have if you were selected as a juror to try the case on that basis?

28.     Would any of you have a problem in deciding the case on this basis for any reason at all?

29.     Have any of you ever served on a jury before today, either in state or federal court?

30.     Of those who indicated they have served on a jury, did any of you serve as foreman or forewoman of your jury?

31.     If you have served on a jury, was your jury able to reach a verdict?

### *Individual Questions*

1.     Please state your full name and address, and identify all individuals residing at that address with you and their relationship to you.

-23-

2.    Please identify your and your spouse's employer or employers from 1999 through the present, stating for each employment the precise nature of the job duties and responsibilities.

3.    Please state your complete educational background, including the identities of all educational institutions you attended, the dates of attendance, and including all degrees obtained thereby.

4.    If you have been previously divorced or widowed, please state the name and address of your previous spouse, the name of any deceased spouse, and detail the nature of each ex-spouse or deceased spouse's prior employment.

5.    Do you have children, and if so, please state their full names, ages, residences, and detail the nature of the employment held by them and their spouse, if applicable.

6.    Please identify all churches, civil organizations, or private clubs to which you or any members of your immediate family belong.

7.    Please identify all periodicals, newspaper and magazines which you, or any member of your immediate family, subscribe to or regularly read.

8.    Have you ever gotten into a dispute with a company in which you had some sort of contract. If so, please explain the nature of the contractual dispute you had.  Did this dispute result in litigation?

# <u>ATTACHMENT B-2</u>

### DAC's Proposed General Voir Dire Questions

1.  Do any of you know any of the parties to this action?

2.  Has anyone ever been a director or officer of a corporation?

3.  Has anyone ever been involved in the insurance field either relating to the issuance of liability policies or the handling of claims.

4.  Has anyone ever been responsible for procuring liability insurance or for reporting claims to a liability insurer on behalf of a business or organization?