Case 2:07-cv-00075-AAA-JEG   Document 148   Filed 08/27/2009   Page 1 of 14

U S DISTRICT COURT
Southern District of Georgia
Filed in Open Court
1:33 PM
8-27-20 09
Deputy Clerk

# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| EVANSTON INSURANCE COMPANY, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| APPLIED TECHNICAL SERVICES, INC., DOUGLAS ASPHALT COMPANY, and ASSOCIATION CASUALTY INSURANCE COMPANY, | : : | |
| Defendants. | : | NO. CV207-75 |

## JURY CHARGE

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions - what we call your deliberations.

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all

other persons stand equal before the law and be dealt with as equals in a court of justice.

When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - that is, the testimony of the witnesses and the exhibits I have admitted in the record - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case.  And, except for my instructions to you on the law, you should disregard anything I may have said during

the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:

Did the witness impress you as one who was telling the truth?

Did the witness have any particular reason not to tell the truth?

Did the witness have a personal interest in the outcome of the case?

Did the witness seem to have a good memory?

Did the witness have the opportunity and ability to observe accurately the things he or she testified about?

3

Did the witness appear to understand the questions clearly and answer them directly?

Did the witness' testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention. If the evidence is equally balanced then the preponderance is not met, and you must find against the

party having the burden of proof with respect to that claim.

I will now try to summarize for you the contentions of the parties in this case. Keep in mind that these are merely the contentions of the parties and are not evidence in the case. You look to the evidence to determine whether any of these contentions have been proved.

In 2005 and in 2006, Evanston issued professional liability insurance policies to Applied Technical Services, or ATS, for its testing business. In 2006, ATS was sued by Douglas Asphalt Company, or Douglas. In that lawsuit, Douglas alleges that it was injured because ATS published inaccurate test results concerning the lime content of asphalt used by Douglas to pave highways for the State of Georgia. ATS received notice of Douglas' lawsuit and tendered its defense and indemnification under the policies to Evanston.

Evanston contends that Douglas' claims are not covered by either insurance policy. Evanston contends that there is no coverage because the defamation alleged by Douglas occurred prior to July 15, 2005, the effective date of the policy.

Evanston also contends that there is no coverage because ATS omitted information from the insurance applications. According to Evanston, the applications for both insurance policies instructed ATS to identify any potential claims that it knew of at the time. In the applications, and by letter dated July 22, 2005, ATS denied knowledge of any potential claims. Evanston asserts that a reasonable person in ATS' situation would have exercised due diligence and inquired before completing the application, and that after an inquiry, a reasonable person would have known that Douglas might make a claim against ATS for publishing inaccurate test results.

To the contrary, ATS insists that there is coverage under the policies because Evanston has not proffered sufficient evidence to show that Douglas' defamation claim is not covered, or that any exclusions apply to deny coverage. ATS contends that it was not aware of any fact or circumstances which it believed would lead to a claim against it prior to the Douglas lawsuit.

Again, remember, that these are merely the contentions of the parties and are not evidence in the case.

7

A contract is an agreement between two or more parties for the doing or not doing of some specified thing. Parties to a contract are free to contract on whatever terms they choose, and are bound by those terms. Under Georgia law, an insurance company is free to fix the terms of its policies as it sees fit, so long as the terms are not contrary to law, and it is also free to insure against certain risks while excluding others. An insurance policy is construed against the insurance company as the drafter of the policy, and any exclusions from coverage sought to be invoked by the insurer are to be strictly construed.

Unless otherwise defined in the contract, terms in an insurance policy are given their ordinary and customary meaning.

This case involves whether the insurance policies issued by Evanston to ATS cover the defamation claim alleged by Douglas.

The insurance policies issued by Evanston covered ATS from July 15, 2005 until July 15, 2007, for "wrongful acts." As defined by the policies, a "wrongful act" is "any act, error or omission in professional services rendered or that should have been rendered by [ATS] or by

8

any person or organization for whose acts, errors or omissions [ATS] is legally responsible." "Professional services" are defined as "mechanical engineering and testing laborator[y]" services provided by ATS.

Under Georgia law, each defamatory statement published is a separate cause of action. Therefore, if you find that ATS reported a test result regarding Douglas during the policy period, then there may be coverage under the policy. On the other hand, if you find that no results were reported during the policy period, your verdict should be for Evanston.

Under Georgia law, misrepresentations, incorrect statements, or omissions of fact on an insurance application do not prevent recovery under the policy unless they are (1) material either to the acceptance of the risk or hazard assumed, or (2) the insurer in good faith would not have issued the policy in the amount and at the rate charged if the truth had been known to the insurer.

Evanston has asserted that ATS made a misstatement in the policy application. In order to prevail on that claim and prevent ATS from recovering under the insurance policies, Evanston must prove that ATS made an objectively

9

false statement consisting of either a misrepresentation, omission, or incorrect statement of facts in the application for insurance.

Evanston does not have to prove that the ATS made the statement with the intent to deceive or that ATS knew that the statement was false. Whether ATS acted in good faith in completing the application is not relevant.

The 2006 application asked:

> is the applicant aware of any circumstances which may result in any claim against him, the firm, his predecessors in business, or any of the present or past Partners or Officers?

The application required ATS to disclose any circumstances known, on or before the date the application was completed, that may result in a claim against it. Whether ATS or ATS' employees were aware that a claim may arise is a question of fact for you, the jury, to decide. If you find that, on or before May 1, 2006, ATS or its employees were aware, or should have been aware, that a claim might arise against it from the testing done on the Douglas project then the statement in the application would be false.

In addition to a false statement, Evanston must also prove either (1) that the statement was material to the

10

risk assumed by Evanston, or (2) that Evanston, in good faith, would not have issued the policy in as large an amount, or at the premium rate applied for, or would not have provided coverage with respect to the loss, if the true facts had been known by Evanston.

A representation is material if it is one that would influence a prudent insurer in deciding whether or not to accept the risk, or in fixing a different amount of the premium, or one that changed the nature, extent, or character of the risk. Whether a representation is material because it would influence a prudent insurer's decision is a question for you, the jury, to determine.

If you find that ATS made a false representation in the 2006 application, and the representation was material, or that Evanston would not have issued the same policy had it known the true facts, then there is no coverage under the policies, and you must find in favor of Evanston. On the other hand, if you find that statement made in the 2006 application was either not false or was immaterial, then there may be coverage under the policy.

I will now summarize for you the burdens of proof that apply in this case. The burden of proof rests with both

parties with respect to different claims asserted in this lawsuit.

It is ATS' burden to prove coverage by a preponderance of the evidence. ATS must show that the claimed loss is within the risk insured against by the policy to establish coverage. ATS must show that a test result was published during the effective policy period, from July 15, 2005, through July 15, 2007, and that such a claim is covered by the policy provisions.

On the other hand, Evanston bears the burden of proving that the statements in the insurance application were false and either (1) material or (2) that Evanston, in good faith, would not have issued the same policy had the true facts been known.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other

members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.


[EXPLAIN VERDICT]


You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.